Caldwell, J.
The question presented for our consideration in this case is that of marshaling liens and determining their priority; and the facts, in brief, are these:
*97 Tbe owner of the property let a contract for the construction of the building, and one party doing work on the building, made his contract and commenced furnishing materials under the same. Then the owner of the property placed a mortgage upon it, and thereafter another party who had taken another portion of the work on the building, commenced to furnish materials and to do work under his contract.
The persons doing work on the 'buildings, have obtained mechanics’ liens, and the only thing for the consideration of ’ the court is to determine the order of priorities of these three liens.
If we follow the case of Choteau et al., v. Thompson & Campbell, 2 Ohio St., 114, we would place the liens by giving to the one who commenced work on the building prior Jto the mortgage, the first lien; to the mortgagee, the second lien; and to the mechanic or material-man who commenced work after the mortgage was given, the third lien.
If we follow the rule laid down in Babbett & Herman et al., v. Morgan, Root & Co., and Raymond, Lowe & Co., 31 Ohio St., 273, we take out of the fund realized from the property the amount going to the first mechanic’s lien; then out of what remains of the fund, pay the mortgage; and, if any of the fund remains after that, add it to what was taken out for the first lien, and divide that sum pro rata between the two mechanics’ lien holders.
And the question is, which of these rules are we to follow.
The Mechanic’s Lien law provides in terms: That the mechanics’ lien holders are to pro rate in any fund realized from the sale of the property, and prohibits, under ordinary circumstances at least, one lien holder getting any priority pro rata over any other lien holder by reason of any material or labor that he may have contributed to the erection of the building and the increase of the value of the property.
The case referred to from the 2nd Ohio St., was under the Mechanics’ Lien law, but the law did not, at that time, in terms provide that mechanics’ lien holders should pro rate among each other. The supreme court found that it was the intent and purpose of that law that they should thus pro rat; but that conclusion is worked out largely 'from the equities that exist between the parties and the *98 rights that grew out of these equities as between the parties.
The case in the 31st Ohio St., pertains to the lien of judgments and an intervening mortgage lien. Certain judgments were obtained before a justice of the peace, and transcript filed in vacation. The law provided that that judgment should become a lien upon the property from the filing of the transcript. After the transcripts were filed and had become a lien and the judgment a lien upon the debtor’s property, the debtor placed a mortgage upon the property, and the mortgage was duly filed prior to the next term of common pleas court. At the next term of the common pleas court a judgment was obtained which became a lien upon the same property, and the law provided that all liens obtained by filing transcripts in vacation should pro rate with the liens obtained at the next term of the court.
The court regarded as presented to it, first, the right between the judgment-lien holders and the mortgage; and secondly, the rights between the lien holders themselves. And the court regarded the pro rating of the judgments, of such importance and of such emphasis in the case or in the statute that it equalized the liens as above referred to, taking from the fund realized from the property the amount of the liens obtained by transcripts of judgments; then paying out of the balance of the fund the mortgage; then adding to the amount taken out, the amount left after paying the mortgage, and pro rating that among the judgment creditors.
The case in the 2nd Ohio St., is commented upon by the judge rendering the opinion in the case in the 31st Ohio St., and he distinguishes the one from the other, and the only point really that distinguishes the two cases, that we can see,is that in the one case, the one in the 2nd Ohio St,, was worked out upon equity principles; and although the court there found that the statute intended equality between mechanics’ lien holders, yet their conclusion as to that was brought about largely by equities arising out of that kind of liens, and there were equitable reasons for giving the prior mechanics’ lien holders preference over the others. There was the absence of direct statutory provisions fixing the rights and relations of the parties, and the court seems to have marshalled the liens upon an equitable, rather than upon a legal basis.
Henry & Couse, for Plaintiff in Error.
B, E. Greene, Lawrence & Estep, O. T. Lapham, and Frank Higley, for Defendant in Error.
The court does not overrule the case in the 2nd Ohio St., but in this way distinguishes it from the case then being decided, But it is evident if the Mechanic’s Lien law had in terms required the lien holders to pro rate, then the rule laid down in the case in the 2nd Ohio St. would have been found to be erroneous by the court, deciding the case in the 31st Ohio St.
The case before us for determination is in principle the same as the case in the 31st Ohio St., and is unlike the one .in the 2nd Ohio St., as to the only point on which the court makes the distinction between the two cases, and upon which distinction it establishes a different rule from that theretofore laid down by the supreme court. We therefore follow the case of Babbett & Herman et al., v. Morgan, Root & Co., and Raymond, Lowe & Co., 31 Ohio St., 273, and determine the liens in this hase as follows:
Take from the fund the amount due on the first mechanics’ lien; out of what remains pay the mortgage; add what was taken out -before paying the mortgage to what remains after the mortgage is paid, and pro rate that amount between the mechanics’ lien holders